UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADVANTAGE ROOFING
AND CONSTRUCTION OF              CIVIL ACTION
LOUISIANA, INC.
                                 NO. 16-677-JWD-RLB
VERSUS

LANDMARK INSURANCE
COMPANY AND ARROW,
LLC D/B/A CENTRAL
ROOFING

**RULING AND ORDER**

Before the Court is the *Motion in Limine* to exclude a criminal conviction of Joseph C. Creely filed by Arrow, LLC d/b/a Central Roofing ("Central Roofing" or "Defendant"). (Doc. 55.) The motion is opposed by Advantage Roofing and Construction ("Advantage" or "Plaintiff"). (Doc. 58.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Central Roofing's motion is granted.

I. **Relevant Background**

   A. **Overview**

This case centers on a contract dispute between a roofing contractor, Advantage, and its subcontractor, Central Roofing. (Doc. 55-1 at 1; Doc. 58 at 1-2.) In December 2014 Advantage entered into a contract to install PVC roofing on Building 373 of the Red River Army Depot ("RRAD") in Texarkana, Texas, a portion of which was subcontracted to Central Roofing (Doc. 63 at 1-2.) Under the subcontracting agreement, Advantage would purchase the requisite materials (Doc. 58 at 1), while Central Roofing would provide the labor necessary to complete the work. (Doc. 55-1 at 1.)

1

In October 2015, prior to the job's completion, RRAD engineers shut the project down, allegedly because Central "had installed unapproved substituted materials." (Doc. 63 at 2.) Advantage claims that during the shutdown period, Central Roof's principle, Joseph C. Creely ("Creely"), failed to ensure the roof was watertight which led to extensive damage to sections of the roof during rain storms on the weekend of October 23, 2015. (Doc. 58 at 2.) Advantage seeks damages from Central Roofing as a consequence, while Central Roofing raises a counterclaim for monies allegedly owed by Advantage from the RRAD project and work on a state office in Monroe, Louisiana. (Doc. 55-1 at 1-2.)

The instant motion concerns Creely's 2007 conviction for bank fraud under 18 U.S.C. § 1344 in the United States District Court for the Southern District of Mississippi. (Doc. 55-1 at 2.) Pursuant to a plea agreement, Creely was sentenced to one-day imprisonment, home confinement for a period of three months, supervised release for a period of three years, and monetary penalties totaling $121,952.47. (Doc 55-2.)

### B. Parties' Argument

#### 1. Central Roofing's *Motion in Limine*

Central Roofing has filed this motion *in limine* to preclude Plaintiff from introducing the prior criminal conviction of Joseph C. Creely. (Doc. 55 at 1.) Central Roofing urges the Court to exclude Creely's conviction because it is more than 10 years old and fails to meet the "rarely applied exception" under Federal Rules of Evidence 609(b). (*Id.*) Central Roofing maintains that Rule 609(b) only permits admission of a criminal conviction more than 10 years old when "the probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." (Doc. 55-1 at 2, *citing* Fed. R. Evid. 609(b).) In addition, Central Roofing cites to the Senate's advisory notes to 609(b) which stated, "It is intended that convictions over

10 years old will be admitted *very rarely and only in exceptional circumstances*." (Doc. 55-1 at 2, *citing* Senate Report No. 93-1277) (emphasis included).)

Further, Central Roofing asserts the Fifth Circuit "establishes a presumption against the use of convictions that are more than 10 years old." (Doc. 55-1 at 3, *citing United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979).) In support of this assertion, Central Roofing cites to a plethora of case law from the Fifth Circuit excluding the admission of convictions more than 10 years old. (Doc. 55-1 at 5-6; internal citations omitted.)

Defendant also correctly cites to *United States v. Acosta,* which provides five factors the Fifth Circuit uses to determine whether an overage conviction should be admitted. (Doc. 55-1 at 4; *citing Acosta*, 763 F.2d 671, 695 (5th Cir. 1985).) These factors include "(1) the nature [impeachment value] of the crime; (2) the time of the conviction; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility testimony." (*Id.*) Central Roofing applies these factors and urges that "Creely's convictions for bank fraud should not be admissible in this matter." (Doc. 55-1 at 4.) In sum, Central Roofing maintains that, because Creely's criminal conviction is more than 10 years old and lacks similarity to the current civil contract dispute, and because Creely's testimony is "not central to this matter," Advantage fails to overcome "the exceptional circumstance" requirement of Rule 609(b), so the overage conviction is inadmissible (Doc. 55-1 at 4-5.)

### 2. Plaintiff's Opposition

In response, Advantage argues that the Court must deny Central Roofing's motion *in limine* because the five factors of *Acosta* "weigh so heavily in favor of admitting the evidence." (Doc. 57 at 7; *citing* 763 F.2d 671.) Beginning with the first factor, the nature of the crime,

Plaintiff argues this factor favors admissibility because the disputed conviction involves dishonesty. Plaintiff asserts that previous criminal convictions involving dishonesty are more probative, thus, favoring the admissibility of Creely's overage conviction. (Doc. 57 at 5.) Second, Plaintiff points to an alleged lack of clarity as to the date of Mr. Creely's release from home confinement, thereby attempting to question whether the conviction is truly outside the 10-year window. (*Id.*)

Plaintiff continues in its application of the *Acosta* factors by contending that the crimes are similar, arguing that the prior conviction needs to be presented to the jury to properly assess Creely's credibility. (Doc. 57 at 6.) Lastly, Plaintiff combines the fourth and fifth factors – importance and credibility – and contends that, since Creely will provide central testimony, his credibility is of the utmost importance, and, therefore, his prior criminal conviction must be admissible. (Doc. 57 at 7-8.)

## II.     Analysis

Under the Federal Rules, if more than ten years have elapsed since the prior conviction, it may only be used to attack the witness's character for truthfulness if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and reasonable time is given for the adverse party to contest its use. Fed. R. Evid. 609(b). "The general rule, therefore, is inadmissibility." *Cathey*, 591 F.2d at 275. During discussions on Rule 609(b) the Senate Judiciary Committee noted:

> It is intended that convictions over 10 years old will be admitted *very rarely and only in exceptional circumstances*. The rules provide that the decision be supported by specific facts and circumstances thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact. It is expected that, in fairness, the court will give the party against whom the conviction is introduced a full and adequate opportunity to contest its admission.

4

S. Rep. No. 93-1277 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7051, 7061-62 (emphasis included.)

Thus, under the Federal Rules of Evidence, introduction of Creely's criminal conviction from March 2007 is generally disfavored and may only be overcome if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Plaintiff nevertheless urges the Court to allow the introduction of Creely's conviction because his testimony is central to the case, and the conviction is relevant to his propensity for truth telling. As explained below, the Court finds that Plaintiff has failed to overcome the strong presumption against admitting overage convictions under Rule 609(b), and, therefore, the Plaintiff is precluded from introducing Creely's prior criminal conviction.

First, the general presumption against admission of overage convictions is consistently followed in this Circuit. *See, e.g.*, *United States v. Privett*, 68 F.3d 101 (5th Cir. 1995) (finding the district court's decision to admit an overage conviction was an abuse of discretion as its prejudicial effect clearly outweighed any probative value); *United States v. Jackson*, 549 F.3d 963, 978 (5th Cir. 2008) (upholding the district court's determination to exclude a prior overage conviction on the basis that admission of the prior conviction may have "improperly discounted his testimony.") The Fifth Circuit has made clear "the general rule is inadmissibility" for overage criminal convictions. *United States v. Hamilton*, 48 F.3d 149. 154 (5th Cir. 1995) (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993.) Further, the Court has stated that convictions committed ten years prior to trial are "normally . . . presumptively inadmissible as impeachment evidence." *Privett*, 68 F.3d at 105 (internal citations omitted.)

Again, to overcome this weighty presumption, Plaintiff must show the overage conviction's "probative value, supported by specific facts and circumstances, substantially

outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The Fifth Circuit has noted this balancing test is "weighted against a finding that the probative value of a more than 10-year-old conviction substantially outweighs its prejudicial effect." *Cathey*, 591 F.2d at 275. Therefore, Plaintiff must overcome a high barrier to establish admissibility.

The Court concludes that Plaintiff has failed to overcome this high barrier and show the probative value of the conviction substantially outweighs the prejudicial effect. First, Plaintiff's contention that the nature of the prior conviction makes the conviction probative in favor of admissibility is not supported by the cases cited in Plaintiff's opposition. Plaintiff cites to the *Cathey* case about the probative nature of crimes involving dishonesty, but Plaintiff carefully omits the part of the *Cathey* opinion which states that merely using the witnesses' dishonesty as a reason to admit an overage conviction is "insufficient justification, by itself, for the use of the prior conviction." *Cathey*, 591 F.2d at 276.

Second, Plaintiff's attempts to link the prior conviction with the current issue at trial is too attenuated and is merely a veiled credibility attack on Mr. Creely. As Defendant cites in their motion *in limine*, "the mere fact that the defendant takes the stand—cannot, by itself, justify admission of evidence of convictions over ten years old. Such a rule would make the ten year limit in Rule 609(b) meaningless." *Acosta*, 763 F.2d at 265.

Because the Plaintiff has failed to overcome the burden of Rule 609(b), the Plaintiff is precluded from introducing Creely's criminal conviction from March 2007. The general presumption against admission of an overage criminal conviction prevents the Plaintiff from introducing Creely's criminal conviction.[1]

---

[1] Plaintiffs' argument that Mr. Creely's conviction is less than 10-years old fails as the conviction clearly falls outside the 10-year window. (Doc. 58 at 5; Doc. 55-1 at 2.) Even assuming the Fifth Circuit includes "home confinement" as part of Rule 609(b)'s definition of "confinement," the home confinement lasted only for a period of 3 months following

6

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Central Roofs' *Motion in Limine* to preclude the Plaintiff from introducing Mr. Creely's March 2007 bank fraud conviction is **GRANTED**.

Signed in Baton Rouge, Louisiana, on August 27, 2018.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

the March 2007 conviction. (Doc. 55-1 at 2.) Therefore, the release from home confinement would have been in June of 2007, making the conviction fall outside Rule 609(b)'s 10-year window.